1  MICHAEL R. FARRELL (BAR NO. 173831)
   JENNIFER C. BERCOVICI (BAR NO. 252373)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone:  (213) 622-5555
   Fax:  (213) 620-8816.
5  E-Mail:  mfarrell@allenmatkins.com
             jbercovici@allenmatkins.com
6
   Attorneys for Defendant
7  ONEWEST BANK

8                UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11 ROBERT ASH AND KATHLEEN           Case No. 2:09-CV-00974-FCD-DAD
   ASH,
12                                    [Assigned to Judge Hon. Frank C.
               Plaintiff,             Damrell, Jr.]
13
        v.                            NOTICE OF MOTION AND MOTION
14                                    TO DISMISS FIRST AMENDED
   ONEWEST BANK, FSB as successor by  COMPLAINT BY DEFENDANT
15 acquisition of Indymac Federal Bank, ONEWEST BANK, FSB;
                                      MEMORANDUM OF POINTS AND
16             Defendants.            AUTHORITIES IN SUPPORT
                                      THEREOF
17
                                      [REQUEST FOR JUDICIAL NOTICE
18                                    AND [PROPOSED] ORDER FILED
                                      CONCURRENTLY HEREWITH]
19
                                      Date:  December 11, 2009
20                                    Time:  10:00 a.m.
                                      Ctrm:  2
21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
840655.01/LA

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 11, 2009, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, defendant OneWest Bank, FSB ("OneWest"), will move the Court to dismiss the First Amended Complaint ("FAC") of Plaintiffs Robert and Kathleen Ash ("Plaintiffs") pursuant to Federal Rules of Civil Procedure ("FRCP") § 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted. This motion is based on the following:

1.      Plaintiffs' claim for "Violation of Truth in Lending Laws" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2.      Plaintiffs' claim for "Violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3.      Plaintiffs' claim for "Rosenthal Fair Debt Collection Practices Act California Civil Code §§ 1788-1788.32." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4.      Plaintiffs' claim for "Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5.      Plaintiffs' claim for "Wrongful Foreclosure" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6.      Plaintiffs' claim for "Slander of Title" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

7.      Plaintiffs' claim for "Slander of Credit" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-2-

Case No. 2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1        This Motion is based on this Notice, the accompanying Memorandum of

2  Points and Authorities, the Request for Judicial Notice, the records and pleadings on

3  file herein, and on such other evidence as may be presented.

4

5  Dated:  October 9, 2009                ALLEN MATKINS LECK GAMBLE
                                     MALLORY & NATSIS LLP

6                                   MICHAEL R. FARRELL
                                 JENNIFER C. BERCOVICI

7

8                            By:        */s/ Jennifer C. Bercovici*

9                                     JENNIFER C. BERCOVICI
                                 Attorneys for Defendant
                                 ONEWEST BANK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-3-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................. 1

II.     SUMMARY OF RELEVANT FACTS ................................... 1

III.    THE STANDARD FOR A MOTION TO DISMISS .................... 3

IV.     PLAINTIFFS' MOTIVES IN FILING THE ACTION ARE
        SUSPECT ............................................................................ 4

V.      PLAINTIFF FAILS TO STATE A CLAIM FOR
        "VIOLATIONS OF TRUTH IN LENDING LAWS" ................... 5

        A.    OneWest Did Not Originate The Loan........................ 6

        B.    Plaintiffs Are Not Entitled To Rescind The Loan........... 6

        C.    Plaintiffs Fail To State A Claim For Damages Under TILA
              Against OneWest ....................................................... 8

VI.     PLAINTIFFS FAIL TO STATE A CLAIM FOR
        "VIOLATIONS OF REAL ESTATE SETTLEMENT
        PROCEDURES ACT" ........................................................... 9

VII.    PLAINTIFFS' CLAIM FOR "FAIR DEBT COLLECTION
        PRACTICES ACT VIOLATIONS" FAILS............................... 10

VIII.   PLAINTIFF FAIL TO STATE A CLAIM FOR "UNFAIR
        BUSINESS PRACTICES" ..................................................... 12

        A.    Plaintiffs' Claim For Unfair Business Practices Is
              Preempted ............................................................... 12

        B.    Plaintiffs' Claim Is Subject To Dismissal Because
              Plaintiffs Do Not Allege With Particularity Any Conduct
              By Defendants In Violation Of Section 17200 ............... 13

        C.    Plaintiffs Lack Standing To Assert This Claim ............. 14

        D.    Plaintiffs Fails To Allege A "Pattern Of Behavior" Or
              "Course Of Conduct"................................................. 14

IX.     PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR
        WRONGFUL FORECLOSURE ............................................. 15

X.      PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR
        SLANDER OF TITLE........................................................... 16

XI.     PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR
        SLANDER OF CREDIT ....................................................... 17

XII.    CONCLUSION.................................................................... 17

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                           (i)

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abdallah v. United Savings Bank,*
　43 Cal.App.4th 1101 (1996) ........................................................ 15, 17

*American Mortgage Network, Inc. v. Shelton,*
　486 F.3d 815 (4th Cir. 2007) .................................................... 7

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.,*
　159 F.3d 1178 (9th Cir. 1998) ................................................ 3, 11

*Balistreri v. Pacifica Police Dept.,*
　901 F.2d 696 (9th Cir. 1988) .................................................. 3

*Barquis v. Merchants Collection Assn.,*
　7 Cal.3d 94 (1972) ................................................................ 14

*Bautista v. Los Angeles County,*
　216 F.3d 837 (9th Cir. 2000) .................................................. 3

*Bell Atlantic Corp. v. Twombly,*
　127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................. 3, 4

*Cairns v. Franklin Mint Co.,*
　24 F. Supp. 2d 1013 (C.D. Cal. 1998) ..................................... 3

*Californians For Disability Rights v. Mervyn's, LLC*
　39 Cal.4th 223 (2006) ........................................................... 14

*Clegg v. Cult Awareness Network,*
　18 F.3d 752 (9th Cir. 1994) .................................................. 4, 11

*FPCI RE-HAB 01 v. E&G Invs., Ltd.*
　207 Cal.App.3d 1018 (1989) .................................................. 15

*Garza v. American Home Mortgage,*
　2009 WL 188604, *5 (E.D. Cal. 2009) .................................... 7, 13

*Hewlett v. Squaw Valley Ski Corp.,*
　54 Cal.App.4th 499 (1977) .................................................... 14, 15

*Howard v. Schaniel,*
　113 Cal.App.3d 256 (1980) .................................................. 16

*Hutchinson v. Delaware Sav. Bank FSB,*
　410 F.Supp.2d 374 (D.N.J. 2006) .......................................... 10

*In re Groat,*
　369 B.R. 413 (Bankr. 8th Cir. 2007) ...................................... 8

*Judd v. Resolution Trust Corp.,*
　1997 WL 678171 (D.D.C. 1997) ............................................ 10

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

(ii)

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

**Page(s)**

*Karlsen v. American Sav. & Loan Assn.,*
15 Cal.App.3d 112 (1971) ....................................................... 15, 17

*Khoury v. Maly's of California, Inc.,* 14 Cal. App 4th 612, 616 (1993) ................. 13

*King v. California,*
784 F.2d 910 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987) ................. 3

*Microsoft Corp. v. A-Tech Corp.,*
855 F. Supp. 308 (C.D. Cal. 1994) ....................................................... 14

*Montoya v. Countrywide,*
2009 WL 1813973, *4 (N.D. Cal. 2009) ....................................................... 8

*Munoz v. Financial Freedom Senior Funding Corp,*
567 F.Supp.2d 1156 (C.D. Cal. 2008) ....................................................... 13

*Nguyen v. Calhoun,*
105 Cal.App.4th 428 (2003) ....................................................... 15

*Nixon v. Individual Head of St. Joseph Mort. Co.,*
615 F.Supp. 898 (N.D. Ind. 1985) ....................................................... 5

*People v. McKale,*
25 Cal.3d 626 (1979) ....................................................... 13

*Reyes v. Downey Sav. & Loan Ass'n,*
541 F.Supp.2d 1108 (C.D. Cal. 2008) ....................................................... 12, 13

*Santoro v. CTC Foreclosure Service,*
12 Fed.Appx. 476 (9th Cir. 2007) ....................................................... 11

*Shelley v. Quality Loan Service Corp.,*
2009 WL 1740904, *2-3 (C.D. Cal. 2009) ....................................................... 8

*Silvas v. E*Trade Mortgage Corp.,*
514 F.Supp.2d 1001 (9th Cir. 2008) ....................................................... 12

*Sitanggang v. IndyMac Bank, F.S.B.,*
2009 WL 1286484 (E.D. Cal. 2009) ....................................................... 4, 5, 8

*United States Cold Storage,*
165 Cal.App.3d at 1224 (1985) ....................................................... 15, 17

*Wong v. Home Loan Services, Inc.,*
2009 WL 1705667, *3-4 (E.D. Cal. 2009) ....................................................... 8, 16

*Yamamoto v. Bank of New York,*
329 F.3d 1167 (9th Cir. 2003) ....................................................... 7

**Statutes**

12 U.S.C. § 1463 ....................................................... 12

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

(iii)

Case No. 2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

**Page(s)**

12 U.S.C. § 2601 ................................................................................ 2

12 U.S.C. § 2605(f)(1)(A) .............................................................. 10

12 U.S.C. § 2605(i)(2)(A) .............................................................. 10

15 U.S.C. § 1602(f) .......................................................................... 6

15 U.S.C. § 1635 .............................................................................. 5

15 U.S.C. § 1635(b) ......................................................................... 8

15 U.S.C. § 1640 .............................................................................. 5

Bus. & Prof. Code § 17200 ............................................ 2, 12, 13, 14

California *Civil Code* § 1788 ......................................................... 10

California *Civil Code* § 1788.10 .................................................... 10

California *Civil Code* § 1788.11 .................................................... 10

California *Civil Code* § 1788.12 .................................................... 11

California *Civil Code* § 1788.13 .................................................... 10

California *Civil Code* §§ 1788.14-16 ............................................ 11

California Civil Code §§ 1788-1788.32 ............................................. 2

**Other Authorities**

FRCP Rule 12(b)(6) ..................................................................... 2, 3

FRCP Rule 8 .................................................................................... 3

**Rules**

12 C.F.R. § 560.2 ........................................................................... 12

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

(iv)

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiffs defaulted on their mortgage and seek to utilize the resources of this Court to help them avoid the contractual and statutory consequences of their default. It is only after their default and the commencement of foreclosure proceedings that Plaintiffs complains about their loan.  With sheer audacity, Plaintiffs asks this Court, without any legal basis, to issue an order rendering the deed of trust "void" and to vest ownership of the property in them free and clear of their debt to the lender.  In other words, Plaintiffs wants this Court to declare that plaintiffs are entitled to a free home.

In their quest to avoid foreclosure and receive a free home, Plaintiffs rely on unsupported factual and legal claims which this court and other courts have rejected. Accordingly, OneWest respectfully requests that the First Amended Complaint ("FAC") be dismissed, in its entirety.  Moreover, because further amendment of the FAC will be futile, OneWest requests the dismissal with prejudice.

## II.    SUMMARY OF RELEVANT FACTS.

Plaintiffs brought suit in this Court by filing a Complaint on April 9, 2009. Plaintiffs filed a Chapter 13 Bankruptcy petition on June 12, 2009.  (RJN, Ex. 4).[1] On July 30, 2009, OneWest filed a Motion to Dismiss.  Rather than oppose OneWest's motion, Plaintiffs filed the operative FAC in response.

This action relates to the real property located at 581 Cold Springs Road, Placerville, California (the "Property").  (FAC, ¶10).  Plaintiffs obtained a first mortgage loan in the sum of $963,750.00 ("Loan").  (*Id.*, ¶14, Ex. A).  The Loan was secured by a deed of trust ("DOT") encumbering the Property that was recorded on or about February 1, 2007 with the El Dorado County Recorder as instrument number 2007-0007937-00. The DOT identifies MILA, Inc. ("MILA") as the lender,

---

[1]    There is no indication that the bankruptcy trustee has approved Plaintiffs' continued prosecution of this matter.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee

2  beneficiary, Chicago Title Company ("Chicago Title") as the trustee, and Plaintiffs

3  as the borrowers.  (RJN, Exhibit 2).

4       Plaintiffs obtained a second mortgage loan in the sum of $128,500.00

5  ("Second Loan").  (FAC, ¶14, Ex. B).  ").  The Second Loan was secured by a

6  subordinate deed of trust ("Second DOT") encumbering the Subject Property that

7  was recorded on or about February 1, 2007 with the El Dorado County Recorder as

8  instrument number 2007-0007938-00.  (RJN, Ex. 3).  The Second DOT identifies

9  MILA as the lender, Chicago Title as the trustee, and Plaintiffs as the borrowers.

10  (*Id.*)

11       Plaintiffs defaulted on the Loan, and as of February 20, 2009, the defaulted

12  amount owed under the Loan was $17,678.97  (RJN, Ex. 1).  On February 20, 2009,

13  a Notice of Default ("NOD") was recorded with the El Dorado County Recorder as

14  instrument number 2009-0008001-00.  Absent from the FAC is any allegation that

15  Plaintiffs attempted to reinstate the Loan by paying the defaulted amounts.  Rather,

16  Plaintiffs allege that a form letter sent on their behalf by entity called Mortgage

17  Litigation Consultants demanded rescission of the defaulted Loan pursuant to the

18  Truth-in-Lending Act ("TILA").  FAC, ¶25, Ex. C.  Again, absent from the FAC is

19  any allegation that Plaintiffs are ready, willing and able to tender the Loan proceeds

20  in order rescind the Loan pursuant to TILA.

21       Plaintiff also alleges that Mortgage Litigation Consultants' form letter was a

22  Qualified Written Request ("QWR") within the meaning of the Real Estate

23  Settlement Procedures Act ("RESPA").  On its face, the alleged QWR was not

24  addressed to OneWest Bank, but IndyMac Federal Bank, FSB.  (FAC, Ex. C).

25  OneWest Bank was not in existence at the time Mortgage Litigation Consultants

26  sent the alleged QWR and IndyMac Federal Bank was operated by the Federal

27  Deposit Insurance Corporation ("FDIC"), as its conservator.  (RJN, Ex. 6).

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-2-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

III.   **THE STANDARD FOR A MOTION TO DISMISS.**

To state a claim for relief in compliance with Rule 8 of the Federal Rules of Civil Procedure, "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The United States Supreme Court has tightened the pleading standards under Rule 8 and has held that a plaintiff must allege "enough facts to state a claim to relief that is *plausible on its face*." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added). The Court explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do . . . . Factual allegations must be enough to raise a right to relief *above the speculative level*." *Id.* at 1964-65 (emphasis added, internal citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss is also proper when Plaintiff seeks remedies to which Plaintiff is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987).

Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-3-

Case No. 2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  allegations if those conclusions cannot reasonably be drawn from the facts alleged."

2  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

3       As detailed below, the FAC is vague and ambiguous and raises no cognizable

4  claim for relief "above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at

5  1964-65.  Therefore the FAC should be dismissed.

6  **IV.   PLAINTIFFS' MOTIVES IN FILING THE ACTION ARE SUSPECT.**

7       Despite its length (119 paragraphs), the gravamen of the FAC is simple—

8  Plaintiffs seek to both avoid an impending non-judicial foreclosure and keep the

9  Property free and clear of all liens and payment obligations under the Loan because

10  the original lender, MILA, allegedly failed to provide them with two copies of his

11  Notice of Right to Cancel at consummation of the Loan in January 2007.  Plaintiffs

12  want to do this without either (a) reinstating the Loan by paying OneWest the

13  amount in default or, (b) tendering the amounts borrowed in order to rescind.  In

14  other words, Plaintiffs seeks to turn their default under the Loan to their advantage

15  by obtaining an unjust windfall—ownership of the Property without an obligation to

16  pay for it.

17       The single factual allegation that underlies the entirety of Plaintiffs' FAC is

18  that Mortgage Litigation Consultants demanded, among other things, rescission of

19  the Loan on his behalf in December 2008.  According to its website, Mortgage

20  Litigation Consultants has "teamed up with the Law Offices of Kimberlee Rode"

21  with the purpose to "find real and sustainable defects in the loan transaction ***that***

22  ***give you leverage***."  (emphasis added).  Its "litigation strategies" include, among

23  other things, "Turning Novel Theories into Factual Causes of Action" and

24  "Foreclosure terminating strategies that consider loan documents."  (RJN, Ex. 5).

25       In *Sitanggang v. IndyMac Bank, F.S.B.*, 2009 WL 1286484 (E.D. Cal. 2009),

26  this Court dismissed, *sua sponte*, an action with prejudice where the plaintiff, a

27  borrower in default of mortgage, similarly sought to stall and avoid a non-judicial

28  foreclosure based upon alleged violations of TILA.  The plaintiff did not deny that

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                    -4-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  she was in default and offered nothing to indicate that she was able to tender her

2  debt to warrant disruption of the non-judicial foreclosure. *Id.* at *2. Rescission was

3  therefore unwarranted and the Court found that plaintiff's effort to stall foreclosure

4  and thereby vex defendants was an abuse of the judicial process that would subject

5  plaintiff to sanctions if she "attempt[s] to delay or obstruct rightful foreclosure of

6  her home." *Id.* *6-7.

7      In *Nixon v. Individual Head of St. Joseph Mort. Co.*, 615 F.Supp. 898, 899

8  (N.D. Ind. 1985), the court sanctioned the plaintiff, a borrower in default of his

9  mortgage, and found that he filed an action in "bad faith" where he sought to avoid

10  non-judicial foreclosure of his home where he too argued that he should be entitled

11  to keep the property without an obligation to pay for it. The court concluded that

12  the expenditure of judicial resources was "especially egregious" in light of the fact

13  the plaintiff sought to avoid his obligations only after his default. *Id.* at 901.

14  **V.    PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF**

15  **TRUTH IN LENDING LAWS"**

16      Under TILA, a borrower has two remedies for loan disclosure violations,

17  rescission pursuant to 15 U.S.C. § 1635 and statutory damages pursuant to 15

18  U.S.C. § 1640. Here, Plaintiffs allege that MILA, the lender that originated the

19  Loan, failed to deliver to Plaintiff two copies of his Notice of Right to Cancel form

20  at the time the Loan closed in February 2007. (FAC, ¶43). Plaintiffs also allege that

21  DOE failed to rescind the Loan within 20 days of the alleged demand from

22  Mortgage Litigation Consultants. (FAC, ¶59). As against OneWest, Plaintiffs

23  allege that OneWest did not disclose the name, address and telephone number of the

24  note holder, as demanded of IndyMac Federal Bank in the letter from Mortgage

25  Litigation Consultants. (FAC, ¶35).

26      As a result of these alleged violations, Plaintiff seeks multiple forms of relief,

27  including many not authorized by TILA. These include:

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                                          -5-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  • An order of this Court "rendering the security instrument of DOE void and
2    ownership of the property (money lent to Plaintiff) vests to the Plaintiff
3    without obligation on their [sic] part to pay for it." (FAC, ¶ 67).

4  • Attorneys fees and costs, plus statutory damages from OneWest in the
5    amount of $4,000 for failing to rescind the Loan. (FAC, ¶¶69-70).

6  • A declaration that Plaintiffs timely rescinded the Loan within the 3-year
7    statutory period. (FAC, ¶ 72).

8  • Injunctive relief against OneWest preventing foreclosure of the Property.
9    (FAC, ¶73).

10  • An order of this Court that OneWest comply with the December 2008
11    demand of Mortgage Litigation Consultants. (FAC, ¶74).

12  • Rescission of the Loan. FAC, Prayer at ¶ E.

13  **A.    OneWest Did Not Originate The Loan**

14  There is no dispute that OneWest did not originate the loan. Plaintiffs plainly

15  allege that **MILA** originated the subject loans. (SAC, ¶14). That fact is confirmed

16  by the Deeds of Trust, which state that the lender is "MILA, Inc." (RJN, Exs. 2,3).

17  Therefore, under no circumstances can Plaintiffs maintain a TILA damage claim

18  against OneWest. By their own allegations, Plaintiffs admits that OneWest is

19  merely a loan servicer (SAC, ¶29). Damages pursuant to TILA are only available

20  against a "creditor" which fails to comply with TILA's regulations. "Creditor" is

21  defined as the "person to whom the debt arising from the consumer credit

22  transaction is *initially* payable on the face of the evidence of indebtedness." 15

23  U.S.C. § 1602(f). By admitting that MILA, and not OneWest, was the originator of

24  the loan, the SAC fails to state a cause of action under TILA against OneWest.

25  **B.    Plaintiffs Are Not Entitled To Rescind The Loan.**

26  Plaintiffs' TILA claim fail because Plaintiffs have not and cannot allege that

27  they are able to repay the loan proceeds. Prior to ordering rescission based on a

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                                                              -6-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  lender's alleged TILA violations, a court may require borrowers to prove ability to

2  repay loan proceeds:

3           As rescission under § 1635(b) is an on-going process

4           consisting of a number of steps, there is no reason why a

5           court that may alter the sequence of procedures *after*

6           deciding that rescission is warranted, may not do so *before*

7           deciding that rescission is warranted when it finds that,

8           assuming grounds for rescission exist, rescission still

9           could not be enforced because the borrower cannot

10          comply with the borrower's rescission obligations no

11          matter what. Such a decision lies within the court's

12          equitable discretion, taking into consideration all the

13          circumstances including the nature of the violations and

14          the borrower's ability to repay the proceeds. If, as was the

15          case here, it is clear from the evidence that the borrower

16          lacks capacity to pay back what she has received (less

17          interest, finance charges, etc.), the court does not lack

18          discretion to do before trial what it could do after.

19  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming

20  summary judgment in favor of the lender).  In *Garza v. American Home Mortgage*,

21  2009 WL 188604, *5 (E.D. Cal. 2009), this Court granted a motion to dismiss in

22  favor of lender where, as here, the plaintiff failed to allege an ability to repay the

23  loan proceeds, a "necessary element" of a TILA rescission claim.  *See also*

24  *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007)

25  ("Once the trial judge in this case determined that the [plaintiffs] were unable to

26  tender the loan proceeds, the remedy of unconditional rescission was

27  inappropriate."); *Shelley v. Quality Loan Service Corp.*, 2009 WL 1740904, *2-3

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-7-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  (C.D. Cal. 2009) (same); *Montoya v. Countrywide*, 2009 WL 1813973, *4 (N.D.

2  Cal. 2009) (same).

3      Here, not only do Plaintiffs fail to allege an ability or willingness to repay

4  what they borrowed, they disavow their obligation to do so by seeking an order

5  "rendering the security instrument of DOE void and ownership of the property

6  (money lend to Plaintiff) vests to the Plaintiff *without obligations* on their part *to*

7  *pay for it*." (FAC, ¶67). Moreover, the commencement of foreclosure proceedings

8  against the Property, as reflected in the Notice of Default simply confirms Plaintiffs'

9  *inability* to repay. (RJN, Ex. 1; *Sitanggang*, 2009 WL 1286484 at *2 ("Plaintiff's

10 inability make monthly promissory note payments reflects inability to tender

11 amounts owed bar her claims and requested relief.")) Without an ability to repay

12 what they borrowed, rescission is an "empty remedy." *Garza*, 2009 WL 188604 at

13 *5. Leave to amend under these circumstances will be futile. *Wong v. Home Loan*

14 *Services, Inc.*, 2009 WL 1705667, *3-4 (E.D. Cal. 2009) (Moulds, Mag., presiding)

15 (recommendation that motion to dismiss be granted without leave to amend where

16 plaintiff failed to allege ability to tender the amounts owed).

17      C.    **Plaintiffs Fail To State A Claim For Damages Under TILA Against**

18            **OneWest.**

19      Plaintiffs seeks attorney fees and costs, plus statutory damages from OneWest

20 in the amount of $4,000 because OneWest did not rescind the Loan within 20 days

21 of receipt of the Mortgage Litigation Consultants letter attached as Exhibit C to the

22 FAC. (FAC, ¶70). This claim is premised on the existence of an underlying

23 entitlement to rescission. As a matter of logic and common sense, there can be no

24 liability for OneWest failing to do something that it is not required to do. Thus,

25 although 15 U.S.C. section 1635(b) may provide for voiding the security interest

26 and returning certain monies to borrowers within twenty days of a notice of

27 rescission, these obligations under TILA "assume[] that the notice of rescission was

28 proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007). As

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                                                    -8-

Case No. 2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  such, the merits of a claim for failure to rescind necessarily depends on the validity

2  of the underlying claim for disclosure violations.  Here, because Plaintiff cannot

3  establish an underlying claim for TILA disclosure violations he cannot maintain his

4  claim for damages either.

5       In addition, the demand for rescission sent by Mortgage Litigation

6  Consultants was *not* addressed to OneWest.  (FAC, Ex. C).  In fact, **OneWest was**

7  **not even in existence on the date the rescission demand was sent**.  Moreover, the

8  purported request to rescind is anything but an unequivocal notice of election to

9  rescind the Loan.  The most that is stated is a conditional desire to rescind if the

10  addressees of the letter choose, at some nonspecific time, not to settle with Plaintiff:

11          Of course, we would be interested in a <u>reasonable counter</u>

12          <u>proposal</u>.  *If* you reject our settlement *or we do not come to*

13          *a resolution*, by this, as instructed in the attached

14          document by Mr. Ash, Mr. Ash <u>hereby rescinds the above</u>

15          <u>referenced loan</u>.

16

17  The "attached document" signed by Plaintiff states only:

18          *If* required in my case, I hereby authorize "requestor" to

19          rescind the loan and any rescission coming from the Law

20          Offices of Kimberlee Rode or Mortgage Litigation

21          Consultants, shall be considered as coming directly from

22          me.

23  (FAC, Ex. C) (italics added).  To date, Plaintiffs have neither made an unequivocal

24  election to rescind nor offered to tender payment to OneWest.

25  VI.  <u>**PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATIONS OF**</u>

26      <u>**REAL ESTATE SETTLEMENT PROCEDURES ACT"**</u>

27       In support of the claim for violation of RESPA, Plaintiffs allege that OneWest

28  failed to respond to Plaintiffs' Qualified Written Request within 60 days of receipt.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                                              -9-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1 (FAC, ¶87). This claim fails for the following reasons. First, the QWR was not sent
2 to OneWest but to IndyMac Federal Bank, an entity operated by the FDIC as its
3 conservator. (FAC, Ex. C; RJN, Ex. 6). Pursuant to RESPA, the term "servicer"
4 *excludes* the FDIC as a conservator or receiver of a failed thrift. 12 U.S.C.
5 § 2605(i)(2)(A); *Judd v. Resolution Trust Corp.*, 1997 WL 678171 (D.D.C. 1997).
6 Thus, Plaintiffs seek to hold OneWest vicariously liable for the FDIC's purported
7 failure to respond to the QWR when the FDIC had no obligation to respond in the
8 first place.

9      In addition, merely alleging a breach of RESPA duties alone does not state a
10 claim under RESPA. Plaintiffs must, at minimum, also allege that the breach
11 resulted in actual damages. *See*, 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to
12 comply with this section shall be liable to the borrower ... [for] any actual damages
13 to the borrower as a result of the failure."); *Hutchinson v. Delaware Sav. Bank FSB*,
14 410 F.Supp.2d 374, 383 (D.N.J. 2006). Here, the FAC contains no allegation that
15 OneWest's alleged failure to respond to the purported QWR caused any pecuniary
16 loss to Plaintiffs. That is, a plaintiff must plead how his damages resulted from
17 alleged violation of RESPA. The most Plaintiffs allege is that they have been
18 harmed by having to defend the motion to dismiss invited by their own pleading.
19 (FAC, ¶89). Without the causal connection, no claim for violation of RESPA can be
20 asserted. *Hutchinson*, 410 F.Supp.2d at 383.

21 **VII.  PLAINTIFFS' CLAIM FOR "FAIR DEBT COLLECTION**
22        **PRACTICES ACT VIOLATIONS" FAILS**

23      California's Rosenthal Debt Collection Practices Act ("CFDCPA") precludes
24 a "debt collector" from collecting, or attempting to collect, from a "debtor" on a
25 consumer debt in a threatening or harassing manner. *See*, *Civil Code* §§ 1788, *et*
26 *seq*. The CFDCPA outlines specific examples of prohibited practices, and includes,
27 threats (*Civil Code* §§ 1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or
28 false communications (*Civil Code* §§ 1788.13); communications to third parties

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-10-

Case No. 2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  such as employers (*Civil Code* §§ 1788.12); and overreaching (*Civil Code* §§

2  1788.14-16).

3      In this case, the underlying basis of Plaintiffs' claim is that despite written

4  notification of Plaintiffs' desire that all communications cease, OneWest allegedly

5  "repeatedly contacted Plaintiff attempting to collect the debt." FAC, ¶ 113.

6  However, Plaintiff fails to properly plead any cause of action for violation of the

7  CFDCPA against OneWest.  At most, Plaintiff summarily alleges that OneWest

8  allegedly "repeatedly contacted Plaintiff attempting to collect the debt by a high

9  volume of phone calls and written correspondence." (FAC, ¶94).  This is a mere

10  conclusory statement.  Plaintiffs set forth no facts as to when such communications

11  took place, and fail to identify the nature of those communications.  Moreover,

12  Plaintiffs fails to allege how or why efforts to collect on the defaulted Loan are

13  improper.  Indeed, even if proper notification is sent to cease communication, not all

14  subsequent communication is prohibited.  *See also Santoro v. CTC Foreclosure*

15  *Service*, 12 Fed.Appx. 476 (9th Cir. 2007) (loan servicing company's conduct did

16  not constitute "debt collecting" within meaning of state and federal Fair Debt

17  Collection Practices Act, despite direct contact with mortgagors after being notified

18  that they were represented by counsel, where first contact was letter from company

19  offering loan workout, and second direct contact was a statutorily required notice of

20  pending foreclosure sale of the property, which was sent by foreclosure service

21  company, and did not seek to collect the debt.).

22      Although the Court must construe the facts in the light most favorable to the

23  non-moving party, "conclusory allegations of law and unwarranted inferences are

24  not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v.*

25  *Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  "[T]he court is not

26  required to accept legal conclusions cast in the form of factual allegations if those

27  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

28  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Because the allegation is

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-11-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  conclusory at best, Plaintiff scannot state a claim for unfair debt collection practices

2  under the CFDCPA.

3  **VIII.   PLAINTIFF FAIL TO STATE A CLAIM FOR "UNFAIR BUSINESS**

4        **PRACTICES"**

5        A.   **Plaintiffs' Claim For Unfair Business Practices Is Preempted.**

6        California's Unfair Competition Law ("UCL"), Business & Professions Code

7  § 17200, et seq., defines unfair competition to include unlawful, unfair or fraudulent

8  business acts or practices and unfair or misleading advertising.  Here, Plaintiffs

9  allege a violation of the UCL predicated upon the alleged violations of TILA and

10 RESPA.  (FAC, ¶ 107).  To the extent this claim is predicated upon violation of

11 these federal statutes, the claim is preempted by federal law.

12       When federal law preempts a field, "it leaves no room for the states to

13 supplement it." *Silvas v. E*Trade Mortgage Corp.*, 514 F.Supp.2d 1001, 1003 n.3

14 (9th Cir. 2008).  By enacting the Home Owners' Loan Act ("HOLA"), 12 U.S.C.

15 § 1463, in 1933, Congress gave the Office of Thrift Supervision ("OTS") broad

16 authority to issue regulations governing federal thrifts.  *Silvas*, 514 F.3d at 1005.

17 HOLA has been described by the Ninth Circuit as a "radical and comprehensive

18 response to the inadequacies of the existing state system," and "so pervasive as to

19 leave no room for state regulatory control." *Id.* at 1004.  As the principal regulator

20 for federal thrifts, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2.

21 That regulation provides that the OTS "occupies the entire field of lending

22 regulation for federal savings associations."  12 C.F.R. § 560.2; *Silvas*, 514 F.3d at

23 1005.   Where, as here, a plaintiff relies on a state laws of general application, but

24 the claim is predicated upon violation of federal laws, federal law preempts. *Reyes*

25 *v. Downey Sav. & Loan Ass'n*, 541 F.Supp.2d 1108, 1113 (C.D. Cal. 2008).  Courts

26 have repeatedly dismissed UCL claims as preempted by HOLA where the UCL

27 claim is predicated upon violation of TILA and RESPA.  *See Silvas,* 514 F.3d at

28 1006 (dismissing UCL claim as preempted by HOLA where predicated upon

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA                                        -12-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  violation of TILA); *Reyes*, 541 F.Supp. 2d at 1113 (same); *Garza*, 2009 WL 188604

2  at *6 (same); *Munoz v. Financial Freedom Senior Funding Corp*, 567 F.Supp.2d

3  1156, 1164 (C.D. Cal. 2008) (dismissing UCL claim as preempted by HOLA where

4  predicated upon violation of RESPA).

5        Here, Plaintiffs have based their UCL claim against OneWest on its alleged

6  failures to comply with TILA and RESPA.  As such, this claim must be dismissed

7  with prejudice as preempted.

8      B.    **Plaintiffs' Claim Is Subject To Dismissal Because Plaintiffs Do Not**

9            **Allege With Particularity Any Conduct By Defendants In Violation**

10            **Of Section 17200**

11        In order to allege a claim for an unlawful business practice under Section

12  17200, the plaintiff must allege *facts* to demonstrate that the practice violates the

13  law.  *See People v. McKale*, 25 Cal.3d 626, 635 (1979).  Establishing an "unlawful

14  business practices" claim under section 17200 necessarily requires the violation of

15  an independent underlying law or statute often referred to as the "borrowed claim."

16  *Id.* at 626.  Thus, as a general rule, Section 17200 is typically found to encompass an

17  action that constitutes a business practice and that "at the same time is forbidden by

18  law." *Id.* at 625.  A plaintiff alleging unfair business practices therefore under these

19  statutes must state with *reasonable particularity* the facts supporting the statutory

20  elements of the violation.  *Khoury v. Maly's of California, Inc.*, 14 Cal. App 4th 612,

21  616 (1993) (Emphasis added).

22        Here, Plaintiffs' claim is predicated, in part, on the prior causes of action

23  alleged in the FAC.  As discussed above, Plaintiffs fails to state any claim upon

24  which relief can be granted against OneWest for violation of TILA, RESPA, and/or

25  the CFDCPA.  Consequently, Plaintiffs' claim necessarily fails to the extent it is

26  based upon these claim.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
840655.01/LA
-13-
Case No. 2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

C.    **Plaintiffs Lack Standing To Assert This Claim.**

Plaintiffs lacks standing to assert a claim under Section 17200.  Prior to its amendment in 2004, Section 17200 and related provisions permitted any person acting for the general public to sue for relief from unfair competition and does not predicate standing on a showing of injury or damage.  *Californians For Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006).  As amended by Proposition 64, section 17204 now limits standing in a Section 17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of... unfair competition." *Id.*

In this case, conspicuously absent from the FAC is any allegation that Plaintiffs have suffered any loss as a result of the purported unfair business practice. (*See*, FAC, ¶¶101-109).  Plaintiffs do not allege what money or property Plaintiffs allegedly lost as a result of any purported violation of Section 17200.  *Id.*  Indeed, Plaintiffs fail to allege any damage that they incurred for Defendants' alleged violation of Section 17200.  *Id.*  Thus, Plaintiffs lack standing to assert this claim.

D.    **Plaintiffs Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct"**

Moreover, a claim of unfair business practice under Section 17200 must be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977).  Thus, as a general rule, Section 17200 is typically found to encompass an action which constitutes a business practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972).  In order to allege a claim for an unlawful business practice under 17200, the plaintiff must allege facts to demonstrate that the practice violates the law. *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994).  The aforementioned allegations do not constitute a pattern of behavior, course of conduct or business practice within the meaning of Section 17200.  Because Plaintiffs rely on an isolated event with respect

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-14-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1 | to OneWest's purported misconduct in relation to the Loan in support of this claim
2 | Plaintiffs fails to allege actions that rise to the level of a "pattern of behavior,"
3 | "course of conduct" or "business practice" within the meaning of the statute.
4 | *Hewlett*, 54 Cal.App.4th at 519.

5 | IX.  **PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR**
6 | **WRONGFUL FORECLOSURE.**

7 |      A defaulted borrower is "required to allege tender of the amount of [the
8 | lender's] secured indebtedness in order to maintain a cause of action for irregularity
9 | in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101,
10 | 1109 (1996).  An action to set aside a foreclosure sale, unaccompanied by an offer
11 | to redeem, does not state a cause of action which a court of equity recognizes.
12 | *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971).  The
13 | rationale behind the tender offer rule is that if plaintiff could not have redeemed the
14 | property had the sale procedures been proper, any irregularities do not result in
15 | damage to plaintiff. *See FPCI RE-HAB 01 v. E&G Invs., Ltd*. 207 Cal.App.3d 1018,
16 | 1022 (1989); *see also United States Cold Storage*, 165 Cal.App.3d at 1224 (1985)
17 | ("It would be futile to set aside a foreclosure sale on the technical ground that notice
18 | was improper, if the party making the challenge did not first make full tender and
19 | thereby establish his ability to purchase the property.").  The tender rule is strictly
20 | applied. *See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003).

21 |      Here, not only do Plaintiffs fail to allege an ability or willingness to repay the
22 | amount in default, they disavow their obligation to do so by seeking an order
23 | "rendering the security instrument of DOE void and ownership of the property
24 | (money lend to Plaintiff) vests to the Plaintiff *without obligations* on their part *to*
25 | *pay for it*." (FAC, ¶67).  In addition, in light of Plaintiffs' failure to make any tender
26 | whatsoever and the equivocal nature of the letter sent by Mortgage Litigation
27 | Consultants, Plaintiffs' effort to treat the Loan as rescinded lacks merit.  Because
28 | Plaintiffs have been unable to pay their mortgage payments, they have failed to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-15-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  tender the amounts owed, and their attempts to set aside the foreclosure should be

2  barred. *Wong*, 2009 WL 1705667 at *2 (Moulds, Mag., presiding).

3  **X.     PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR**

4        **SLANDER OF TITLE.**

5        California has adopted the definition of slander of title set forth in section 624

6  of the Restatement of Torts that reads as follows: "One who, without a privilege to

7  do so, publishes matter which is untrue and disparaging to another's property in

8  land, chattels or intangible things under such circumstances as would lead a

9  reasonable man to foresee that the conduct of a third person as purchaser or lessee

10  thereof might be determined thereby is liable for pecuniary loss resulting to the

11  other from the impairment of vendibility thus caused." *Howard v. Schaniel*, 113

12  Cal.App.3d 256, 263 (1980).  The elements of the claim are thus said to be: "(a) a

13  publication, (b) that is without privilege or justification and thus with malice,

14  express or implied, (c) is false, either knowingly so or made without regard to its

15  truthfulness, and (d) causes direct and immediate pecuniary loss." *Id.* at 263-264

16  (citations omitted).

17        Here, Plaintiffs allege only that OneWest "caused to be recorded various

18  documents including a Notice of Default which has impaired the Plaintiffs title

19  which constitutes slander of title." (FAC, ¶ 117).  This bare and conclusory

20  allegation utterly fails because it does not (and cannot) allege the existence of the

21  second, third, or fourth elements. *Howard*, 113 Cal.App.3d at 263-264.  The most

22  Plaintiffs allege is that a notice of default was recorded.  (FAC ¶ 117).  Among other

23  things, they fail to allege any facts to suggest that its recordation was not privileged,

24  was done with malice, was somehow false or that they suffered any direct an

25  immediate pecuniary loss.

26        Plaintiffs' slander of title claim also fails because tender of the amount owed

27  is a condition precedent to any claim of wrongful foreclosure or challenging the

28  regularity of a foreclosure procedure (which would include recording a notice of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-16-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS

1  default) or the validity of a foreclosure sale.  *See Abdallah*, 43 Cal.App.4th at 1109

2  (in affirming sustaining of demurrer without leave to amend, court explained that

3  the tender rule applies to "any cause of action for irregularity in the sale

4  procedure"); *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165

5  Cal.App.3d 1214, 1225 (1985); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d

6  575, 578-79 (1984); *Karlsen*, 15 Cal.App.3d at 117.

7  **XI.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR**

8  **SLANDER OF CREDIT.**

9       As their final cause of action, Plaintiffs assert a claim styled "slander of

10  credit."  In support of this claim, Plaintiffs allege only that the "actions and inactions

11  of the Defendants have impaired their credit causing them to lose the ability to have

12  good credit entitling them to damages, including statutory punitive damages

13  pursuant to state and federal law."  (FAC, ¶ 119).  OneWest disputes that such a

14  claim exists and lacks notice of the purported bases for any manner of damages

15  referenced by Plaintiffs.  In addition, Plaintiffs fail to allege what purported

16  "actions" and "inactions" form the alleged factual basis of this claim.

17  **XII.  CONCLUSION.**

18       For the foregoing reasons, OneWest respectfully requests that the Court grant

19  its motion to dismiss without leave to amend.

20

21  Dated:  October 9, 2009              ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP
22                                       MICHAEL R. FARRELL
                                         JENNIFER C. BERCOVICI
23

24                                       By:    */s/ Jennifer C. Bercovici*
                                             JENNIFER C. BERCOVICI
25                                           Attorneys for Defendant
                                             ONEWEST BANK
26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840655.01/LA

-17-

Case No.  2:09-CV-00974-FCD-DAD
NOTICE OF MOTION AND MOTION TO
DISMISS