UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT ASH and KATHLEEN ASH,

    Plaintiffs,

  v.

ONEWEST BANK, FSB as successor by acquisition of Indymac Federal Bank and LENDER DOE, WELLS FARGO BANK, N.A. as Trustee/Master Servicer of the Securitization Trust, MARM 2007-3,

    Defendants.
_____/

NO. CIV. S-09-974 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

  This matter is before the court on (1) the motions of defendant Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss plaintiffs Robert and Kathleen Ash's ("plaintiffs") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and to strike the addition of Wells Fargo as a named defendant in plaintiffs' SAC, and (2) the motion of defendant OneWest Bank, FSB ("OneWest") to dismiss the SAC

1

pursuant to FRCP 12(b)(6).  Plaintiffs oppose the motions.

On February 10, 2010, plaintiffs filed a SAC that adds Wells Fargo as a defendant along with the originally named defendant OneWest.  Plaintiffs raise both federal and state claims against Wells Fargo, including an alleged violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*  (Pl.'s SAC ¶ 2).

In its motion to strike, Wells Fargo asserts plaintiffs improperly added it as a defendant in violation of FRCP 15(a)(1).  Specifically, Wells Fargo contends that at the time plaintiffs filed the SAC, they were no longer permitted to amend as a matter of right and failed to obtain leave of the court or consent from OneWest to add a new defendant, and thus, it should be dismissed as a defendant.  Alternatively, Wells Fargo filed a motion to dismiss the SAC, arguing, among other things, that plaintiffs' TILA claim (Count One of the SAC) should be dismissed under the doctrine of judicial estoppel.

For the reasons set forth below,[1] the court finds that Wells Fargo was properly named as a defendant.  However, the court finds that plaintiffs' TILA claim against Wells Fargo is property of plaintiffs' bankruptcy estate, and plaintiffs are estopped from bringing the claim herein because they failed to list it as an asset in their bankruptcy proceedings.

Dismissal of the TILA claim leaves plaintiffs' SAC devoid of any federal claims.  The remaining claims rest on California

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

2

state law.  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims, and plaintiffs' complaint is DISMISSED.  OneWest's motion to dismiss plaintiffs' SAC is DENIED as MOOT, as plaintiffs allege only state law claims against OneWest.

## BACKGROUND

The court adopts the factual and procedural background set forth in the Memorandum and Order addressing plaintiffs' first amended complaint ("FAC"), filed January 26, 2009.  (Docket #17.)  Additional relevant facts are discussed below:

Plaintiffs brought this action against OneWest, a successor in interest to IndyMac Federal Bank, FSB, for conduct arising out of a loan and subsequent foreclosure activity.  Plaintiffs' original complaint, filed on April 9, 2009, asserted a claim for a violation of TILA, among other claims.  OneWest's motion to dismiss was granted by this court with leave to amend, and plaintiffs filed the FAC on September 11, 2009.  (Docket #10.)  OneWest moved to dismiss plaintiffs' FAC, and the court granted the motion, again permitting plaintiffs leave to amend.  (Docket # 17.)  Plaintiffs filed the SAC on February 10, 2010.  Plaintiffs' SAC also names Wells Fargo as a defendant, and asserts a TILA claim against Wells Fargo, rather than OneWest.  (Pl.'s SAC ¶ 2.); (Docket #18 [finding plaintiffs could not assert a TILA claim against OneWest because OneWest is a loan servicer, and not a creditor].)

Additionally, plaintiffs' SAC asserts claims for: (1) Fair Debt Collection Practices Act violations, California Civil Code

§ 1788 - 1788.32 (Id. ¶¶ 5, 113-114); (2) negligence, California Civil Code § 1714(a) (Id. ¶ 116); (3) civil conspiracy, California Civil Code § 1714(a) (Id. ¶¶ 128, 131); (4) constructive fraud, California Civil Code § 1573 (Id. ¶¶ 6, 144-146); and (5) deceit, California Civil Code § 1709 (Id. ¶¶ 135-136).

Plaintiffs filed a petition for Chapter 13 bankruptcy on June 12, 2009.  Plaintiffs did not describe their TILA claim against either Wells Fargo or OneWest when filing the requisite schedules for their bankruptcy action, despite the fact that "Item 21" of Schedule B specifically calls for the petitioner to list "other contingent and unliquidated claims of every nature." (Wells Fargo's Mot. Dismiss., filed June 4, 2010, Ex. 1, at 7.).

**ANALYSIS**

**A.   Motion to Strike**

Wells Fargo moves to strike plaintiffs' SAC, asserting it was improperly named as a defendant in plaintiffs' SAC. Plaintiffs claim that Wells Fargo, as Trustee/Master Servicer of the Securitization Trust at issue, is an appropriate defendant. (SAC ¶ 2.)

Rule 15(a) of the FRCP governs a litigant's ability to amend complaints before trial.  Based on the procedural history of this case, wherein plaintiffs have filed two amended complaints and 21 days have elapsed since the original complaint was filed, Rule 15(a)(2) is applicable.  It requires a party to obtain leave of the court or written consent of opposing counsel before being allowed to amend.  While Wells Fargo is correct that plaintiffs received neither written consent from OneWest nor permission from

4

the court to add Wells Fargo as a defendant, the court nonetheless allows the amendment as Rule 15(a)(2) provides that leave to amend should be freely given when justice requires. Here, in the interest of judicial economy, leave should be permitted since had plaintiff timely requested leave to amend it would have been granted. Good cause exists to allow the amendment; Wells Fargo is the proper defendant to a TILA action, and there is no prejudice to any party if amendment is permitted. Therefore, Wells Fargo's motion to strike is DENIED.

**B.   Motion to Dismiss**

Wells Fargo moves to dismiss plaintiffs' SAC pursuant to FRCP 12(b)(6) on the ground that it fails to state a claim upon which relief can be granted. Specifically, with respect to the sole federal claim for relief in plaintiffs' SAC, Wells Fargo asserts that plaintiffs should be judicially estopped from bringing a TILA claim.

Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, that precludes a party from gaining an advantage by asserting one position and subsequently taking a clearly inconsistent position. Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001) (citations omitted); Russel v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). The United States Supreme Court has listed three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's position is "clearly inconsistent" with its earlier position; (2) whether the first court accepted the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an

5

unfair advantage if not estopped.  <u>New Hampshire v. Maine</u>, 532 U.S. 742 (2001).

"In the Bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."  <u>Hamilton</u>, 270 F.3d at 783 (<u>citing</u> <u>Hay v. First Interstate Bank of Kalispell, N.A.</u>, 978 F.2d 555, 557 (9th Cir. 1992)).  In <u>Hamilton</u>, the Ninth Circuit affirmed the district court's determination that the plaintiff's claim against his insurance company was barred by judicial estoppel because the plaintiff had failed to list the claim as an asset in his Chapter 7 bankruptcy schedule.  <u>Id.</u> at 785.  The court noted that this failure "deceived the bankruptcy court," and therefore, the court "must invoke judicial estoppel to protect the integrity of the bankruptcy process."  <u>Id.</u> (<u>quoting</u> <u>In re Costal Plains</u>, 197 F.3d 197 (5th Cir. 1999) (discussing the continuing duty to disclose in Chapter 11 bankruptcy proceedings)).

Section 451(a)(1) of the Bankruptcy Code provides that at the time of commencement of the bankruptcy proceeding, the bankruptcy estate includes "all legal or equitable interests of the debtor."  11 U.S.C. 541(a)(1).  This "includ[es] causes of action belonging to the debtor at the commencement of the bankruptcy case."  <u>See</u> <u>In re Costal Plains</u>, 179 F.3d at 207-08. "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets."  <u>Hamilton</u>, 270 F.3d at 785 (<u>quoting</u> <u>In re Costal Plains</u>, 179 F.3d at 208).  "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then

6

1 subsequently to assert those claims for his own benefit in a
2 separate proceeding." Id.

3 　　As in Hamilton, plaintiffs, here, have clearly asserted
4 inconsistent positions by failing to include a cause of action in
5 their bankruptcy filings and are subsequently attempting to sue
6 on that claim outside of the bankruptcy proceeding. See
7 Hamilton, 270 F.3d at 784. As noted above, plaintiffs made no
8 mention of their TILA claim against Wells Fargo or OneWest in
9 responding to "Item 21" of Schedule B. These claims are the
10 property of the bankruptcy estate, and plaintiffs, whether by an
11 act of attempted deceit or mere oversight, undisputedly failed to
12 list the claims for relief when required to do so.

13 　　The duty to disclose, which is necessary to the integrity of
14 the bankruptcy system, prevents the plaintiff from proceeding on
15 a cause of action which is the property of the bankruptcy estate.
16 See Hamilton, 270 F.3d at 784 ("Judicial estoppel will be imposed
17 when the debtor has knowledge of enough facts to know that a
18 potential cause of action exists during the pendency of the
19 bankruptcy, but fails to amend his schedules or disclosure
20 statements to identify the cause of action as a contingent
21 asset." (Citation omitted)). By allowing the bankruptcy court to
22 adopt plaintiffs' schedule that failed to include all known
23 claims and then attempting to pursue the present complaint,
24 plaintiffs have "deceived the bankruptcy court." Hamilton, 270
25 F.3d at 785. As such, judicial estoppel must bar plaintiffs'
26 TILA claim. See, e.g., Balthrop v. Garcia-Mitchell, Civ. No. 09-
27 1013 FCD/JFM, 2010 WL 430840 (E.D. Cal. Feb. 1, 2010) (applying
28 judicial estoppel to preclude an action by a debtor in Chapter 13

7

bankruptcy who had failed to disclose the claim in his bankruptcy proceedings); Flores v. GMAC Mortg., Civ. No. 09-1216 GEB/GGH, 2010 WL 582115 (E.D. Cal. Feb. 11, 2010) (estopping plaintiff from bringing a TILA claim because the claim was not disclosed in the plaintiff's bankruptcy schedules).  Therefore, Wells Fargo's motion to dismiss Count One of plaintiff's SAC is GRANTED.

Dismissal of the TILA claim leaves the complaint devoid of any federal claims.  The remaining claims for violation of the California Rosenthal Fair Debt Collection Practices Act, negligence, civil conspiracy, constructive fraud, and deceit are based on California state law and common law.  Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 359 (1988); Gini v. Las Vegas Metrpolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In

accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to strike is DENIED.  Its motion to dismiss, however, is GRANTED.  Plaintiffs are judicially estopped from bringing a TILA claim against Wells Fargo or OneWest.  As no federal claim for relief remains, the court declines to exercise supplemental jurisdiction over the remaining state law claims against Wells Fargo and OneWest. OneWest's motion to dismiss is DENIED as MOOT.

IT IS SO ORDERED.

DATED: June 2, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE