UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT ASH AND KATHLEEN ASH,

                              NO. CIV. S-09-974 FCD/DAD

      Plaintiffs,

   v.                        <u>MEMORANDUM AND ORDER</u>

ONEWEST BANK, FSB as successor
by acquisation of Indymac
Federal Bank and LENDER DOE,
WELLS FARGO BANK, N.A. as
Truastee/Master Servicer of
the Securitization Trust, MARM
2007-3,

      Defendants.

                    ----oo0oo----

    Plaintiffs Robert and Kathleen Ash ("plaintiffs") move this court for reconsideration of its order filed June 3, 2010 ("Order"), dismissing plaintiffs' second amended complaint without leave to amend on the ground plaintiffs failed to disclose their Truth in Lending Act ("TILA") claim against defendants as a potential asset in their bankruptcy proceedings, and therefore were judicially estopped from bringing said claim in this court. (Docket # 32.) Plaintiffs now contend, for the first time, that they did, in fact, list their TILA claim as an asset in their bankruptcy schedules and related documents, and

1

request that the court reconsider the issue and render a decision on the merits of their claims.

Where a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Because plaintiffs' motion was filed more than ten days after entry of dismissal, the court will consider the instant motion under Rule 60(b). See Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment). Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263. In order for evidence to be considered "new" for the purposes of Rule 60(b), it must be of such a character that it would change the outcome of the court's prior decision. See Fernhoff v. Tahoe Regional Planning Agency, 622 F. Supp. 121, 122 (D. Nev. 1985); See e.g., United States v. James, 915 F. Supp. 1092, 1102 (S.D. Cal 1995). Evidence is not considered "new" when it was readily available prior to the court's ruling, but the moving party simply failed to raise it. Cf. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (holding, "a party that fails to introduce facts in a motion or opposition

2

cannot introduce them later in a motion to amend by claiming that
they constitute 'newly discovered evidence' unless they were
previously unavailable").   In the absence of new evidence or a
change in the law, a party may not use a motion for
reconsideration to present new arguments or claims not raised in
the previous motion.   See 389 Orange Street Partners v. Arnold,
197 F.3d 656, 665 (9th Cir. 1999).

        Here, the court based its Order on the issues as framed by
the parties' motion papers.   In their motions to dismiss,
defendants asserted that plaintiffs should be judicially estopped
from bringing a TILA claim due to their failure to list the claim
as an asset when required to do so by Schedule B, Item 21 of
their bankruptcy filings.   Indeed, Item 21, which required
plaintiffs to list "other contingent and unliquidated claims of
every nature" was marked "none" by plaintiffs.   In their
opposition to defendants' motions, plaintiffs failed to (1)
proffer *any* explanation as to why Item 21 was marked "none;" (2)
cite any other document in their bankruptcy proceedings where
their TILA claim was listed as an asset; or (3) even acknowledge
that defendants had raised this argument in support of dismissal.
Instead, plaintiffs offered no response whatsoever to defendants
motions on this issue.   The court properly treated plaintiffs'
silence as a non-opposition to defendants' argument.

        Plaintiffs only now proffer from their bankruptcy filings
"Schedule D" and their "Statement of Financial Affairs," which
list plaintiffs' TILA claim against defendant OneWest as a

1   potential asset.[1]  As noted above, however, plaintiffs failed to

2   raise these documents in response to the motions to dismiss.

3   And, plaintiffs fail to offer any explanation as to why they did

4   not present these documents previously.  This is especially

5   concerning considering the documents are *plaintiffs' own*

6   *bankruptcy filings*, which have presumably been in plaintiffs'

7   possession since prior to the consummation of this action.

8       Ultimately, plaintiffs had an obligation to respond to the

9   arguments presented in support of defendants' motions to dismiss

10  and they failed to do so.  Plaintiffs now request

11  reconsideration, ostensibly (and erroneously) believing that it

12  was this court's responsibility to conduct plaintiffs' document

13  review, gleaning any potential responses contained therein and,

14  *sua sponte*, present those arguments on plaintiffs' behalf.  The

15  court has no such responsibility and will not grant

16  reconsideration due to counsel's carelessly failing to present

17  relevant arguments in a timely manner.  See United Nat'l Ins. Co.

18  v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009)

19  (holding a district court does not abuse its discretion when it

20  disregards legal arguments made for the first time on a motion to

21  alter or amend a judgment); Barber v. Hawaii, 42 F.3d 1185, 1198

22  (9th Cir. 1994) (holding that a district court did not abuse its

23  discretion by denying a motion for reconsideration when the

24  moving party presented no reason why its new information could

25

26       [1]    Plaintiffs' "Schedule D" and "Statement of Financial
    Affairs" only mention a TILA claim against defendant OneWest.
27  Accordingly, it is likely that plaintiffs' TILA claim against
    defendant Wells Fargo would have failed even if these documents
28  were raised in a timely manner.

4

1    not have been obtained and presented prior to the court's

2    ruling).

3         The documents in question are not "newly discovered

4    evidence," there has not been a subsequent change in relevant

5    law, and the court did not commit a "clear error" by interpreting

6    plaintiffs' non-opposition to defendants' argument as a

7    concession.  Plaintiffs have failed to meet the high standard for

8    reconsideration.

9         Accordingly, IT IS HEREBY ORDERED that:

10        1. Plaintiffs' motion for reconsideration of this court's

11   Order dismissing plaintiffs' second amended complaint is DENIED.

12        2. The court adheres to its prior decision dismissing

13   plaintiffs' second amended complaint without leave to amend.

14

15   DATED: August 2, 2010

16

17

18                                    _____
                                      FRANK C. DAMRELL, JR.
                                      UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28